UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA M. HARRISON,<br><br>      Plaintiff,<br><br>v.<br><br>RENATA J. HENRY, individually and in her official capacity as Director of the Division of Alcoholism, Drug Abuse and Mental Health of the Delaware Department Health and Social Services, SUSAN WATSON ROBINSON, individually and in her official capacity as Hospital Director of the Delaware Department of Health and Social Services, PHILIP THOMPSON, individually and in his capacity as Unit Director of the Delaware Department of Health and Social Services, DELAWARE DEPARTMENT OF HEALTH & SOCIAL SERVICES and THE DELAWARE PSYCHIATRIC CENTER, and John Does 1-20,<br><br>      Defendants. | C.A. No. 08-352 (SLR)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

ARCHER & GREINER, P.C.
"J" Jackson Shrum (# 4757)
Peter L. Frattarelli (# 2871)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
(302) 777-4350 (telephone)
(302) 777-4352 (fax)

*Counsel to Plaintiff Gloria Harrison*

Dated: August 29, 2008

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

I. STATEMENT OF THE CASE AND STAGE OF THE PROCEEDINGS ................... 1

II. SUMMARY OF ARGUMENT .................................................................................... 1

III. STATEMENT OF FACTS ........................................................................................... 2

    A. The Whistleblowers' Protection Act ............................................................... 2

    B. The FMLA Allegations ................................................................................... 3

IV. STANDARD OF REVIEW ......................................................................................... 4

V. LEGAL ARGUMENT ................................................................................................. 4

    A. The Complaint Does Not Fail to State a Claim Upon Which Relief Can Be Granted ............................................................................................. 4

    B. None of the Defendants are Immune from Suit in Federal Court .................. 6

VI. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572 (3d Cir. 2004).................................................................................................8

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).......................................4

*Chittister v. Department of Community and Economic Development*, 226 F.3d 223 (3d Cir. 2000).........................................................................................7

*Edelman v. Jordan*, 415 U.S. 651 (1974).............................................................6

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994).......4

*Mortenson v. First Federal Sav. & Loan Association*, 549 F.2d 884 (3d Cir. 1977)..........4

*Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003).........6

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)..............................4

## STATUTES

19 Del C. § 1702 ....................................................................................................9

19 Del. C. § 1703 ..................................................................................................2

28 U.S.C. § 1367 ...................................................................................................8

29 U.S.C. § 203 .....................................................................................................6

29 U.S.C. § 2611 ...................................................................................................6

29 U.S.C. § 2612 ...................................................................................................6

29 U.S.C. § 291 .....................................................................................................8

**I.      STATEMENT OF THE CASE AND STAGE OF PROCEEDINGS**

This is a civil action for compensatory and punitive damages for retaliatory violations including violations of the Family and Medical Leave Act ("FMLA"), and the Delaware Whistleblowers' Protection Act. Plaintiff Gloria Harrison (the "Plaintiff") was the Director of Nursing at Defendant Delaware Psychiatric Center ("DPC") which is a psychiatric hospital operated by the Delaware Department of Health and Social Services ("DHSS"). On June 12, 2008, the Plaintiff filed the instant action against the Defendants for violating both the FMLA and the Delaware Whistleblowers' Protection Act. On July 30, 2008, the Defendants through counsel sought and received approval of an extension of time to file an Answer or other responsive pleading to the allegations in the complaint. On or about August 8, 2008, the Defendants filed a Motion to Dismiss (the "Motion") the complaint and raised several arguments in support thereof.

**II.     SUMMARY OF ARGUMENT**

The Motion should be denied in its entirety because the Plaintiff has alleged sufficient facts which, if true, give rise to violations under the FMLA and the Delaware Whistleblowers' Protection Act.

1.      This Court has subject matter jurisdiction over this action because the Eleventh Amendment does not bar the action against any of the Defendants.

2.      The Complaint does not fail to state claims upon which relief can be and should be granted. Although under Rule 8 of this Court's rules, the Plaintiff is only required to set forth a short plain statement of the grounds upon which the Court's jurisdiction lies and a short plain statement showing that the Plaintiff is entitled to relief, the Complaint sets forth in detail sufficient grounds to support the claims alleged therein and to enter judgment against all

defendants. Therefore, the Plaintiff respectfully requests that the Court deny the Defendants' Motion in its entirety.

**III.   STATEMENT OF FACTS**

The allegations in the Complaint, which are incorporated herein by reference, set forth several facts known to date that support the Plaintiffs claims against the Defendants in this action. To summarize, the Plaintiff was improperly fired while on approved FMLA leave for recovery from foot surgery. The individual defendants Renata Henry (Director of the Division of Alcoholism, Drug Abuse and Mental Health of the DHSS), Susan Watson Robsinson (former Hospital Director of the DHSS) and Philip Thompson (Unit Director for the DHSS) engaged in a course of conduct to attempt to have the Plaintiff terminated in part due to the Plaintiff's inquiries into an investigation of abuse alleged against Defendant Thompson. Such investigation was quickly dismissed by the other two individual defendants as unsubstantiated. Collectively, the Defendants retaliated against the Plaintiff and used the Plaintiff's approved foot recovery leave as a pretext to terminate the Plaintiff ostensibly because she refused to return to work after being ordered to do so.

**A.   The Whistleblowers' Protection Act**

The Defendants allege that the Plaintiff has failed to state sufficient facts to support the Plaintiff's claim that the Defendants violated the Delaware Whistleblowers' Protection Act, 19 Del. C. § 1703, *et seq.* in part because the Complaint fails to specifically allege that the meetings organized by Defendant Thompson "were held as retaliation for her inquiries regarding the PM46 investigation" against Defendant Thompson. Further, the Defendants allege that the Plaintiff has failed to state sufficient facts regarding the Whistleblowers' Protection Act against

Defendant Henry because the Complaint failed to allege that Defendant Henry attended the meetings organized by Defendant Thompson.

As noted in the Defendants' Brief, the Complaint alleged that the Plaintiff experienced "harassment and retaliation" in connection with her inquiries into the abrupt PM46 investigation against Defendant Thompson. This allegation alone saves the Plaintiff's Complaint from attack that the Defendants are not on sufficient notice of the claims against them and the factual bases therefor. Defendant Henry was/is Defendant Thompson and Defendant Robinson's direct supervisor at the DHSS, and consequently would have been required to approve the Plaintiff's termination as Director of Nursing. It is further understood that the Plaintiff suffered harassment and retaliation by all three individual defendants given the close personal and professional relationship between the three defendants at all times relevant herein.

B.     **The FMLA Allegations**

Paragraphs 19 through 33 of the Complaint, which are incorporated herein by reference, set forth the factual background supporting the Plaintiff's FMLA claim. The Defendants seem to allege that there was "considerable confusion" on the [DHSS]'s part" regarding the extent and nature of the Plaintiff's approved medical leave in connection with her foot surgery. The alleged confusion on the part of the DHSS was a confusion of the Defendants' own making. The "confusion" arose when the Defendants confused the medical requirements of obtaining short-term disability with the Plaintiff's proper leave of absence under FMLA.[1] Nonetheless, while the Defendants must readily concede that the Plaintiff's physician determined that she could not

---

[1] It should be noted that while the Plaintiff's initial application for short-term disability in connection with her foot surgery was denied for benefits after March 13, after appeal the Plaintiff received her full benefits under the short-term disability policy through April 3, 2007. In any event, the short-term disability determinations do not affect the issues raised in the present Motion except to the extent that the initial denial benefits reveals an additional incident of retaliation against the Plaintiff.

4

return to work until at least April 3, 2007, yet she was fired for failing to appear for work after March 13, 2007.

### IV. STANDARD OF REVIEW

The standard of review under both Rule 12(b)(1) and 12(b)(6) are the same. When deciding a motion to dismiss, this Court must accept all allegations in the complaint as true and must accept all reasonable inferences after construing them in the light most favorable to the non-moving party. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994), *Mortenson v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977). "If the court considers matters outside the pleadings before it in a 12(b)(6) motion, the above procedure will automatically be converted into a Rule 56 summary judgment procedure. Here there are further safeguards for the plaintiff: in addition to having all of plaintiff's allegations taken as true, with all their favorable inferences, the trial court cannot grant a summary judgment unless there is no genuine issue of material fact." *Mortenson*, at 891.

### V. LEGAL ARGUMENT

All of the Defendants inter-related arguments as to why the Complaint in this action should be dismissed at this stage of the proceedings either fail to articulate the proper standards in this jurisdiction or fail to understand the factual allegations that substantiate the claims in this action.

#### A. The Complaint Does Not Fail to State a Claim Upon Which Relief Can Be Granted.

The Defendants' first argument that the Complaint in this matter fails to state a cause of action is that the allegations are "vague recitals" of the harm to the plaintiff. While it is true that a plaintiff needs to provide "more than labels and conclusions" to prove entitlement to relief, *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), and *Phillips v. County of*

5

*Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008), the complaint in this matter has stated several facts, which support the plaintiffs claims that the Defendants have retaliated against the plaintiff by daily intimidation, calling for meetings designed to get her fired, holding meetings with staff to undermine the plaintiff's ability to do her job effectively, and by ultimately firing her.

With respect to the FMLA claim, the documents and allegations in the complaint speak for themselves. The timing and pretext of the plaintiff's firing coupled with the medical certifications that the plaintiff could not return to her duties until April 2007 is prima facie evidence of the plaintiff's FMLA claim. Further, the Defendants do not dispute that the plaintiff is not an eligible employee nor that that Defendants DHSS or DPS are not employers under the FMLA.

The Plaintiff's claim for civil conspiracy against the individual defendants is evident from basic facts plead and reasonable inferences that can be drawn from the four corners of the complaint. First, it is clear and undisputed that Defendants Thompson and Robinson held and/or attended meeting with a primary purpose of finding ways to have the plaintiff fired from her job. These meetings took place shortly after Defendant Thompson learned that the plaintiff was making inquires into the abrupt investigation of the allegations of abuse. Further, the plaintiff could not have been fired without Defendant Henry's knowledge of the facts underlying the plaintiff's termination in that Defendant Henry was Defendant Robinson and Defendant Thompson's direct supervisor and reported to her on all such matters. Thus, these facts and reasonable inferences support the plaintiffs claims on all counts and should therefore not be dismissed.

### B.    None of the Defendants are Immune from Suit in Federal Court

The Defendants' next argument is that the Eleventh Amendment bars this action as to these Defendants. However, the facts that the DHSS and DPS are state agencies and that the individual defendants are state employees do not in and of themselves bar this action. The Defendants' reliance on *Edelman v. Jordan*, 415 U.S. 651, 668 (1974) is misplaced. It is clear that Congress intended to abrogate the State's immunity from suit for violations of the FMLA. *See* 29 U.S.C. § 2611(4)(A)(iii) (defining the term "employer" to include "any 'public agency'" as defined by section 203(x) of the Fair Labor Standards Act); 29 U.S.C. § 203(x) (defining "public agencies" to include "the government of the State of political subdivision thereof" and "any agency of . . . a State"); *see also Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003).

The Defendants attempt to argue at some length that this action should be barred notwithstanding the clear Congressional intent that state agencies are subject to suit under the FMLA by arguing that the Plaintiff's FMLA claim in this action arises under the "self-care" provision of the Act. The provision at issue provides in relevant part as follows.

> **(a) In general**
> **(1) Entitlement to leave**
> Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
> **(A)** Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
> **(B)** Because of the placement of a son or daughter with the employee for adoption or foster care.
> **(C)** In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
> **(D)** Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a).

Section (a)(1)(D) has been described as the "self-care" provision of an eligible employee's entitlement to leave under the FMLA.

The Defendants rely on *Chittister v. Department of Community and Economic Development*, 226 F.3d 223, 229 (3d Cir. 2000) which found that there were no Congressional findings that employers refused sick leave in order to disadvantage employees of a particular gender under the "self-care" provision, and thus, unless the state waived its immunity under the Eleventh Amendment, otherwise eligible state employees would not be able to take advantage of FMLA protections "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." However, the Defendants fail to recognize that Delaware has waived its Eleventh Amendment immunity under the FMLA, if not in general, then in this particular case.

Delaware Secretary of State Vincent Meconi writes in the June 6, 2007 letter attached to the complaint as Exhibit "P" states in relevant part as follows.

> The medical documentation you provided on May 22, 2007, failed to provide adequate medical documentation to explain your inability to work from March 13, 2007, until April 3, 2007. *In order for your absence to be protected under the Family Medical Leave Act (FMLA), the absence must result from a serious health condition that makes you unable to perform the functions of your job.*

(emphasis added).

Further, on March 13, 2007, Defendant Robinson wrote to the Plaintiff the following, "On January 23, 2007, you began leave for a medical condition. *Your leave was designated a Family and Medical Leave Act (FMLA) leave.*" See Exhibit "J" to the complaint. At no point until the Defendants' Motion to Dismiss was filed did the State of Delaware or any of the Defendants to this action claim that the Plaintiff was not an eligible employee under the "self-

8

care" provision of the FMLA, or that any of the Defendants reserved any immunity rights under the Eleventh Amendment.

The Defendants' next argument is that the Plaintiff cannot sue the individual defendants in federal court because her suit amounts to nothing more than an attack on the State Treasury. *See A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572 (3d Cir. 2004). The Defendants fail to recognize, however, that the Plaintiff has also alleged that the Defendants conspired to violate the Delaware Whistleblower Act and the FMLA by retaliating against the Plaintiff and ultimately firing her without just cause. It is beyond dispute that this Court has jurisdiction over the FMLA claim.

> **(2) Right of action**
> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of—
> **(A)** the employees; or
> **(B)** the employees and other employees similarly situated.

29 U.S.C. § 2917(a)(2).

This Court has supplemental or pendant jurisdiction over the civil conspiracy claim pursuant to 28 U.S.C. § 1367, which provides in part:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, *the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction* that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).

All of the claims in this action against the Defendants are part of the same core nucleus of facts that involve all of the individual defendants improper actions against the Plaintiff. Without waiving any arguments that the individual defendant are liable in their individual capacity for violations of the FMLA and/or the Delaware Whistleblowers' Act, to the extent that the

individual defendants are not liable in their individual capacity for such violations, the Plaintiff is not seeking relief from them therein. It should be noted that the Delaware Whistleblowers' Act specifically defines "employer" to include "any person, partnership, association, sole proprietorship, corporation or other business entity, including any department, agency, commission, committee, board, council, bureau, or authority or any subdivision of them in state, county or municipal government." 19 Del C. §1702(2). Further, under the Delaware Whistleblowers' Act "one shall employ another if services are performed for wages or under any contract of hire, written or oral, express or implied." *Id.*

The Defendants concede that Defendant Robinson may be considered an "employer" under the FMLA and therefore may be subject to penalties for violations thereunder. The Plaintiff acknowledges that Defendant Thompson is not an "employer" to the Plaintiff as that term is used in either the FMLA or the Delaware Whistleblowers' Act. However, Defendant Henry was at all relevant times the supervisor to the other two individual defendants. If Defendant Robinson can "conceivably" be considered an employer under the FMLA, then as Defendant Robinson's supervisor, Defendant Henry may also be considered an employer to the Plaintiff.

The Defendants failed to cite to any authority (and the Plaintiff did not find any) that divests subject matter jurisdiction over a claim for civil conspiracy when two or more persons engage in a course of conduct designed to violate either the provisions of the FMLA or Delaware Whistleblowers' Act simply because the individuals involved may not be held personally liable for violations thereunder. As agents of the State of Delaware it is unlawful for any state employee to engage in a course of conduct which would violate the Plaintiff's rights under either the FMLA or the Whistleblowers' Act. The Plaintiff has alleged that she suffered damages as a

10

result of the violations under the FMLA and the Whistleblowers' Act, and consequently the individual defendants' agreement to engage in a course of conduct to damage the plaintiff is equally actionable as a violation of Delaware's civil conspiracy law. Further, the individual defendants may be liable for other causes of action, such as libel or slander, that may be uncovered during the course of discovery. At a minimum, the memorandums attached to the complaint as "B", "C" and "D" reveal that certain meeting took place at the behest of Defendant Thompson to disparage the Plaintiff and get her fired improperly. At least one of these meeting was attended by the Plaintiff's direct supervisor Defendant Robinson. As previously discussed, no action by individual Defendants Thompson or Robinson was done except with the authorization or approval of Defendant Henry.

### VI.    Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the Defendants' Motion to Dismiss be DENIED in its entirety. To the extent that the Court finds the complaint facially deficient for any reason, the Plaintiff requests that leave be given to amend the complaint to cure any such deficiency. The Plaintiff requests oral argument for this Motion, and specifically reserves the right to raise any arguments or counterarguments not raised herein but that address the issues raised in this Motion.

Respectfully submitted,
ARCHER & GREINER, P.C.

Dated: August 29, 2008

By: /s/ "J" Jackson Shrum
"J" Jackson Shrum (# 4757)
Peter L. Frattarelli (# 2871)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
(302) 777-4350 (telephone)
(302) 777-4352 (fax)
jjshrum@archerlaw.com

*Counsel to Plaintiff Gloria Harrison*

3506497v1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA M. HARRISON,             )<br>                                 )<br>         Plaintiff,              )<br>                                 )  C.A. No. 08-352 (SLR)<br>   v.                            )<br>                                 )<br>RENATA J. HENRY, individually and in her official )  JURY TRIAL DEMANDED<br>capacity as Director of the Division of Alcoholism, )<br>Drug Abuse and Mental Health of the Delaware )<br>Department Health and Social Services, SUSAN )<br>WATSON ROBINSON, individually and in her )<br>official capacity as Hospital Director of the Delaware )<br>Department of Health and Social Services, PHILIP )<br>THOMPSON, individually and in his capacity as )<br>Unit Director of the Delaware Department of Health )<br>and Social Services, DELAWARE DEPARTMENT )<br>OF HEALTH & SOCIAL SERVICES and THE )<br>DELAWARE PSYCHIATRIC CENTER, and John )<br>Does 1-20,                       )<br>                                 )<br>         Defendants.             )<br>                                 ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true and correct copies of the *Plaintiff's Brief in Support of Response to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)* to be served via regular mail and Lexis/Nexis File and Serve upon the following:

Kathleen M. Jennings (# 913)
Joseph C. Schoell (# 3133)
WOLFBLOCK LLP
1100 N. Market Street, Suite 1001
Wilmington, DE  19801


Dated:  August 29, 2008                    */s/ "J" Jackson Shrum*
                                           "J" Jackson Shrum